SAMUEL PHELPS & AL., Appellants, *versus* HARTWELL & ANOTHER.

*Practice.*—Upon the question of sanity of a testator, those who are for establishing the will open and close. The burthen of proof is with the party who affirms the sanity. An opinion said to have been expressed by one of the devisees that the testator was insane, is not admissible to prove his insanity.

THIS was an appeal from a decree of the judge of probate for this county establishing a certain instrument as the last will and testament of *Phinehas Hartwell.* The appellants were children and heirs of the said *Phinehas*, and legatees; and the appellees were his sons, principal devisees, and named executors in the instrument purporting to be his will. Several reasons of appeal were filed in the case; but the counsel for the appellants consenting to waive every objection to the decree suggested in the reason of appeal, excepting those which related to the sanity of the testator, [ * 72 ] the Court directed an issue to the jury to determine * that question. [*See act March* 12, 1784, *stat.* 1783, *c.* 41, § 4.] The appellees in their plea said the testator at the time, &c. was of sound mind, and concluded with a verification. The appellants replied that he was not of sound mind, &c., and concluded to

PHELPS & AL. *vs.* HARTWELL & AL.

the country; and the appellees joined the issue. The counsel for the appellees were directed to open the case. (*a*)

In the course of the trial, the counsel for the appellants offered to prove a declaration of one of the appellees, in which he had expressed his opinion that the testator, at the time of making his will, was not of sound mind.

*Dana*, C. J., *Strong*, and *Thacher*, justices, were against admitting the evidence offered. They said that the question before the jury was, whether the testator was of sound disposing mind and memory, or not, at the time of making the instrument purporting to be his will; that this question is to be determined by facts and circum stances which took place at the time; the evidence now offered is of a bare opinion said to be expressed by one of the appellees; an opinion not delivered under oath; grounded on we know not what; nor can the jury inquire or know whether there was reasonable ground for such opinion : this surely cannot be pertinent evidence.

SEDGWICK, J., said if the appellee who is stated to have made the declaration were solely interested in establishing the will, he should be in favor of admitting the evidence offered; because he thought that evidence of opinions formed at the time might be fairly pre sumed to be among the best means of informing the jury as to the real state of the testator's mind; but as the other appellee is inter ested in the establishment of the will, it would not be proper to admit the evidence offered. (*b*)

In this case, the counsel for the appellees * contended [ * **73** ] that the burden of proof was with the appellants, and that it was incumbent on them to show that the testator was not of sound mind at the time of making the will; and for this was cited *Godol.* 24, in which it is said that proof of *insanity* must be made by those who object to the instrument offered as a will. But the whole Court held that the rule was the same in this case as in all others: the burden of proof is always with those who take the affirmative in pleading: (1) here the appellees have the affirmative; and must, therefore, produce reasonable and satisfactory evidence to the jury that the testator was sane at the time of making his will; and the

(*a*) Vide post, 335, *Blaney* vs. *Sargeant.*
(*b*) [Such evidence was admitted in the case of *Atkins* vs. *Sanger & Al.*, 1 *Pick.* 192.—ED.]
(1) It is believed to be a well-settled rule that the sanity of a testator is always to be *presumed*, and that this presumption can in no degree depend upon the form of the pleadings in any particular case. The annotator has been credibly informed that *Sedgwick*, J., afterwards changed his opinion here given. The Court has frequently, since the case of *Phelps* vs. *Hartwell*, ruled in conformity to what the editor supposes to be the law, and particularly in the case of Mrs. *Norris's* will, at *Salem*, Nov. 1811. Present, *Sedgwick, Sewall,* and *Parker,* justices. For a most able discussion upon this subject, see the opinion delivered by Lord Chancellor *Thurlow.*

jury will confine themselves in their inquiry into the fact as to the state of the testator's mind at *that* time. *Bangs* and *T. Bigelow* for the appellants; *J. Upham* and *F. Blake* for the appellees.

See *Powell* on devises, p. 70, and the case of *Wallis* and *Hodgdon* there cited See also, *Fonb. Eq.* p. 65, note (*x*).